UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA
Plaintiff

v.

ROBERT CLARENCE ADAMS
Defendant

2004 OCT 19 A 10:20

Case Number 02-404 JRT/RLE

USM Number 10742-041
Social Security Number
Date of Birth

RECEIVED
U.S. MARSHAL
ST. PAUL MINN

Hersch Izek

Defendant's Attorney

JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed On or After November 1, 1987)

**THE DEFENDANT** pleaded guilty to count 1 of the Information on 10/14/04

**ACCORDINGLY,** the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number |
|---|---|---|---|
| 21 U.S.C. 841(a)(1) and 841(b)(1)(B) | Possession with Intent to Distribute Cocaine Base | October 7, 2002 | 1 |

The sentence is imposed by consulting the Sentencing Reform Act of 1984. A substantial question has been raised as to the constitutionality of the federal sentencing guidelines by the United States Supreme Court decision in *Blakely v. State of Washington*, 542 U.S. ___, 124 S. Ct. 2531 (2004). In light of this question, the Court will find the guidelines prescribed by the Sentencing Commission for this criminal case and will use the guidelines as advisory in determining a fair and appropriate sentence.

The defendant is sentenced as provided in pages 2 through 5 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

The Indictment and Superseding Indictment are dismissed on the motion of the United States .

**IT IS ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Date of Imposition of Sentence:

October 14, 2004

s/ John R. Tunheim
United States Magistrate Judge

October 15, 2004

A true printed copy in 5 sheet(s) of the electronic record filed on 10/15/04 in the United States District Court for the District of Minnesota.
CERTIFIED, 10/18 2004
RICHARD D. SLETTEN
BY: Deputy Clerk

CLERK, U.S. DISTRICT COURT MINNEAPOLIS
05 AUG 24 PM 4:18
RECEIVED

SCANNED
AUG 25 2005
U.S. DISTRICT COURT MPLS

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **120 months**.

The Court makes the following recommendations to the Bureau of Prisons:

1. That the defendant participate in the 500-hour Comprehensive Drug Treatment Program or any similar drug treatment program available.

2. That the defendant be incarcerated in a federal facility as close to **Detroit, MI** as possible and at a low security facility if possible.

The defendant is remanded to the custody of the United States Marshal.

## ACKNOWLEDGMENT OF RECEIPT

I hereby acknowledge receipt of a copy of this judgment this ____ day of ____________, ______

______________________________
Signature of Defendant

## RETURN

It is hereby acknowledged that the defendant was delivered on the 2nd day of December 2004 to FCI McKean Bradford PA 16701, with a certified copy of this judgment.

James F. Sherman, Warden
UNITED STATES WARDEN

By: W. Youngs, LIK.

**NOTE: The following certificate must also be completed if the defendant has not signed the Acknowledgment of Receipt , above.**

## CERTIFICATE

It is hereby certified that a copy of this judgment was served upon the defendant this ____ day of ________________, ______

______________________________
UNITED STATES WARDEN

By:______________________________

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **4 years.**

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1. The defendant shall not leave the judicial district without the permission of the court or probation officer;
2. The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4. The defendant shall support his or her dependents and meet other family responsibilities;
5. The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6. The defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7. The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9. The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11. The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

## SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall not commit any crimes, federal, state, or local.

2. The defendant shall abide by the standard conditions of supervised release recommended by the Sentencing Commission.

3. The defendant shall refrain from possessing a firearm, destructive device, or other dangerous weapon.

4. The defendant shall participate in a program for drug abuse at the direction of the probation officer. That program may include testing and inpatient or outpatient treatment, counseling or a support group.

5. The defendant shall undergo mandatory drug testing as set forth by 18 U.S.C. §§ 3563(a) and 3583(d).

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in this judgment.

| Total Assessment | Total Fine | Total Restitution |
|---|---|---|
| $100.00 | | |

The Court has determined that the defendant does not have the ability to pay interest and it is ordered that:

## FINE

No fine imposed.

## RESTITUTION

No restitution was ordered.