RECEIVED
BY MAIL
OCT 11 2005
CLERK US DIST COURT
MINNEAPOLIS MN

IN THE UNITED STATES DISTRICT COURT
FOR THE ~~EASTERN~~ DISTRICT OF ~~PENNSYLVANIA~~ Minnesota

HABEAS CORPUS MOTION UNDER 28 U.S.C. § 2255

(eff. 8/1/01)

UNITED STATES OF AMERICA

vs.

Criminal Indictment No. CR 02-404 JRT/RLE
CV 05-2380 JRT

Robert Clarence Adams
(full name of movant) (include name under which you were convicted)

(If movant has a sentence to be served in the *future* under a federal judgment which he wishes to attack, he should file a motion in the federal court which entered the judgment).

Robert Clarence Adams
Name

10742-041
Prison Number

Federal Correctional Institution McKean
Place of Confinement

**MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY**

**INSTRUCTIONS—READ CAREFULLY**

1. YOU MUST INCLUDE ALL POTENTIAL CLAIMS AND SUPPORTING FACTS FOR WHICH YOU MIGHT DESIRE TO SEEK REVIEW BECAUSE A SECOND OR SUCCESSIVE HABEAS CORPUS MOTION CANNOT BE FILED EXCEPT UNDER VERY SPECIFIC AND RARE CIRCUMSTANCES REQUIRING CERTIFICATION BY THE THIRD CIRCUIT COURT OF APPEALS AS SET FORTH IN INSTRUCTION #10.

2. YOUR HABEAS CORPUS MOTION MUST BE FILED WITHIN THE 1-YEAR STATUTE OF LIMITATIONS TIME LIMIT SET FORTH BELOW IN INSTRUCTION #8. IF YOU FILE A HABEAS CORPUS MOTION WITHIN THE 1-YEAR TIME LIMIT AND THEN WISH TO FILE A NEW ALL-INCLUSIVE HABEAS CORPUS MOTION RAISING ADDITIONAL CLAIMS, YOU CAN FILE A MOTION ASKING THE COURT FOR AN EXTENSION OF TIME OF 120 DAYS IF THE 1-YEAR TIME LIMIT HAS EXPIRED OR WILL EXPIRE WITHIN 119 DAYS OF THE DATE YOUR HABEAS CORPUS MOTION WAS FILED.

3. Any willfully false statement of a material fact in your habeas corpus motion, in a motion to proceed in forma pauperis, or in any other motion you file in this case may serve as the basis for dismissal of your habeas corpus motion and prosecution for perjury or making false statements.

4. This habeas corpus motion must be typewritten, printed, or legibly handwritten and signed by you as the movant on Page 7. You should answer all questions concisely in the proper space of the habeas corpus motion. If you need more room to answer any question, you may write on the reverse blank sides of the habeas corpus motion.

SCANNED
OCT 11 2005
U.S. DISTRICT COURT ST. PAUL

5. You may not attach additional pages to the habeas corpus motion. You do not have to list or cite the cases or law that you are relying on. If you do want to cite the cases and law you are relying on and make legal arguments, you should do so in a separate concise brief or memorandum which should be filed along with the habeas corpus motion. Your habeas corpus motion will be filed if you have followed these instructions and it is in proper order. Habeas corpus motions which are not in proper order will be returned to you with a notation as to what is improper.

6. There is no filing fee for the habeas corpus motion. You may have to pay for counsel, transcripts, appeal, and other costs. To request permission to proceed in forma pauperis without paying for these things, you must completely fill out pages eight and nine of the habeas corpus motion. You should answer all questions and sign where indicated on page nine. You should see to it that an authorized prison official completes the certification on page nine. You must prove that you cannot pay because of poverty and a discharge in bankruptcy will not excuse you from this requirement. The Court will let you know if you may proceed in forma pauperis.

7. Only final court judgments entered by one federal judge may be challenged in a single habeas corpus motion. If you seek to challenge court judgments entered by different federal judges, you must file separate habeas corpus motions as to each judge.

8. 28 U.S.C. § 2255 provides that there is a 1-year statute of limitations which runs from the latest of:

(1) the date on which the judgment of conviction becomes final;
(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review; or
(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

9. 28 U.S.C. § 2244(a) provides that except as stated in instruction # 10, no federal judge is required to entertain a habeas corpus motion if a federal judge has already determined the legality of the detention of the person filing the motion in a prior habeas corpus motion.

10. 28 U.S.C. § 2244(3) provides that before you can file a second or successive habeas corpus motion in the district court you must file a motion with the Third Circuit Court of Appeals for an order authorizing the district court to consider your second or successive habeas corpus motion. 28 U.S.C. § 2255 provides that the second or successive habeas corpus motion must be certified by the Court of Appeals to contain:

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilt of the offense; or
(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

11. When the habeas corpus motion is fully completed, the **original and *three* copies** must be mailed to the **Clerk of the United States District Court, Room 2609, 601 Market Street, Philadelphia, PA 19106.** No filing fee is required.

## MOTION

1. Name and location of court which entered the judgment of conviction under attack: United States District Court for the District of Minnesota

2. Date of judgment of conviction: ______

3. Length of sentence: 120 Months Sentencing Judge: John R. Tunheim

4. Nature of offense or offenses for which you were convicted: Possession with the intent to distribute crack cocaine in excess of 50 grams

5. What was your plea? (Check one)
   (a) Not Guilty ( )
   (b) Guilty (✓)
   (c) Nolo contendere ( )

   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details: ______

6. Kind of trial: (Check one)
   (a) Jury ( )
   (b) Judge only ( )

7. Did you testify at the trial? Yes ( ) No ( )

8. Did you appeal from the judgment of conviction? Yes ( ) No ( )

9. If you did appeal, answer the following:

   (a) Name of court: ______

   (b) Result: ______

   (c) Date of result: ______

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications or motions with respect to this judgment in any federal court? Yes ( ) No (✓)

11. If your answer to 10 was "yes", give the following information:

   (a) (1) Name of court ______

   (2) Nature of proceeding ______

(3) Grounds raised: ____________________

____________________

____________________

(4) Did you receive an evidentiary hearing on your petition, application or motion? Yes ( ) No ( )

(5) Result: ____________________

(6) Date of Result: ____________________

(b) As to any second petition, application or motion, give the same information:

(1) Name of court: ____________________

(2) Nature of proceeding: ____________________

(3) Grounds raised: ____________________

____________________

____________________

(4) Did you receive an evidentiary hearing on your petition, application or motion? Yes ( ) No ( )

(5) Result: ____________________

(6) Date of result: ____________________

(c) As to any third petition, application or motion, give the same information:

(1) Name of court: ____________________

(2) Nature of proceeding: ____________________

____________________

(3) Grounds raised: ____________________

____________________

____________________

(4) Did you receive an evidentiary hearing on your petition, application or motion? Yes ( ) No ( )

(d) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?

(1) First petition, etc. Yes ( ) No ( )
(2) Second petition, etc. Yes ( ) No ( )
(3) Third petition, etc. Yes ( ) No ( )

(e) If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not: ____________________

____________________

____________________

12. State *concisely* every ground on which you claim that you are being held unlawfully.

CAUTION: If you fail to set forth all grounds in this motion, you may be barred from presenting additional grounds at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you have other than those listed. However, *you should raise in this motion all available grounds* (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

If you select one or more of these grounds for relief, you must allege facts in support of the ground or grounds which you choose. Do not check any of the grounds listed below. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.
(b) Conviction obtained by use of coerced confession.
(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A. **Ground One:** 4 year supervised release is in violation of Petitioner 6th Amendment right. Expose facto clause, double Jeopardy

**Supporting FACTS (tell your story *briefly* without citing cases or law):** That the judgement of 120 months from the date of ~~judgement~~ detention on Oct. 7, 2002 should be deemed concluded and dept paid on Oct, 7, 2002 which should end servitude. The Recorded ending judgement is projected November 24, 2014 which is 2 years 7 months and 16 days over (passed) the proper release date from ending judgement The courts have improperly imposed an extra 2 years 7 months and 16 days

B. **Ground Two:** Challenging the rate at which the Bureau of Prisons has calculated Petitioners good time.

**Supporting FACTS (tell your story *briefly* without citing cases or law):** In paticular wrongly calculated 18 U.S.C. § 3624 (b)(1) depriving the minimum of (54) day of good conduct for each year of the sentence imposed 28 C.F.R. § 523.20. Projected date recorded June 23, 2011. With proper calculations and proper credit. Projected date should read May 7, 2011. Bureau has miscalculated 46 days over.

C. Ground Three: ____________________

____________________

Supporting FACTS (tell your story *briefly* without citing cases or law): ____________________

____________________

D. Ground Four: ____________________

____________________

Supporting FACTS (tell your story *briefly* without citing cases or law): ____________________

____________________

13. If any of the grounds listed in 12A, B, C and D were not previously presented, state *briefly* what grounds were not so presented, and give your reasons for not presenting them: ____________________

____________________

14. Do you have any petition or appeal now pending in any court as to the judgment under attack?
Yes ( ) No ( )

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:
(a) At preliminary hearing: ____________________

____________________

(b) At arraignment and plea: ____________________

____________________

(c) At trial: ______________________________

(d) At sentencing: ______________________________

(e) On appeal: ______________________________

(f) In any post-conviction proceeding: ______________________________

(g) On appeal from any adverse ruling in a post-conviction proceeding: ______________________________

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time? Yes ( ) No ( )

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack? Yes ( ) No (✓)

(a) If so, give name and location of court which imposed sentence to be served in the future: ______________________________

(b) And give date and length of sentence to be served in the future: ______________________________

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future? Yes ( ) No ( )

Wherefore, movant prays that the court grant him all relief to which he may be entitled in this proceeding.

I declare under the penalty of perjury that the foregoing is true and correct.

Executed on September 30, 2005
(Date)

[signature]
Signature of Movant

[signature] (Pro Se)
Signature of Attorney (if any)