**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

ROBERT C. ADAMS,

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.

Civil No. 05-2380 (JRT)
Criminal No. 02-404 (JRT/RLE)

**ORDER**

## BACKGROUND

Petitioner pled guilty to possession with intent to distribute cocaine base, and was sentenced by this Court to a 120-month sentence and four years of supervised release. He is currently serving that sentence at the McKean Federal Correctional Institution in Pennsylvania. Petitioner has filed a petition (the "Petition") for habeas corpus relief under 28 U.S.C. § 2255. This Court has reviewed the Petition, and for the following reasons, dismisses the Petition.

## ANALYSIS

A district court must dismiss a petition for habeas corpus if it plainly appears from the face of the petition that the petitioner is not entitled to relief. Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts. Petitioner asserts two grounds for relief in his Petition.

First, petitioner argues that his current projected release date is incorrect, and that his sentence under that projected release date would be impermissibly increased beyond

13

the 120-month sentence he received. Petitioner objects to the imposition of a four-year period of supervised release, arguing that it is in "violation of Petitioner 6th Amendment Right. Ex post facto Clause, double Jeopardy." Petitioner does not offer any reason or explanation in support of these arguments. Further, the Court is unable to ascertain, based on the allegations in the petition, whether petitioner is challenging the legality of his sentence or the execution of his sentence.[1] At present, therefore, the Court holds that the petitioner is not entitled to any relief under ground one of his petition. Accordingly, the Court will dismiss ground one of the petition without prejudice. If petitioner chooses to re-file, he must describe what specific facts he believes show a violation of his constitutional rights.

Petitioner's second ground for relief is his contention that the Bureau of Prisons ("BOP") erroneously construed 18 U.S.C. § 3624(b)(1) in calculating his "good time credit."

A federal inmate challenging the validity or legality of his sentence must seek a writ of habeas corpus under 28 U.S.C. § 2255 in the district of the sentencing court. *Matheny v. Morrison*, 307 F.3d 709, 711 (8th Cir. 2002). In contrast, § 2241 is the proper vehicle to challenge the execution of a sentence, including issues involving parole, the computation of good-time credits, and prison disciplinary matters. *Id*. A writ of habeas corpus under § 2241 must be brought in the district in which the petitioner is incarcerated. *Id.* A contention that the BOP erroneously calculated an inmate's good-

[1] A challenge to the legality of the sentence imposed must be brought under § 2255 in the district of the sentencing court; a challenge to the execution of the sentence must be brought under § 2241 in the district where the petitioner is incarcerated. *Matheny v. Morrison*, 307 F.3d 709, 711 (8th Cir. 2002).

time credits is an attack on the execution of his sentence, and is analyzed under § 2241. *See*, *e.g*., *James v. Outlaw*, 2005 WL 677769, at *1 (8th Cir. Mar. 24, 2005); *Baltazar-Rafael v. LeBlanc*, 2005 WL 1593370 (D. Minn. Jul. 6, 2005) (citing *James*); *Perez-Olivio v. Chavez*, 394 F.3d 45, 51-52 (1st Cir. 2005); *O'Donald v. Johns*, 402 F.3d 172 (3d Cir. 2005); *Yi v. Fed. Bureau of Prisons*, 412 F.3d 526 (4th Cir. 2005); *White v. Scibana*, 390 F.3d 997 (7th Cir. 2004).

Petitioner's argument that the BOP erroneously calculated his good-time credits is an attack on the execution of his sentence. Accordingly, this Court will construe petitioner's BOP miscalculation allegation under § 2241. However, because actions brought under § 2241 must be brought in the district in the inmate in incarcerated, this Court is without jurisdiction to consider the merits of Ground Two of the Petition. Accordingly, the Court dismisses Ground Two of petitioner's petition without prejudice. If petitioner wishes to pursue this claim, the petition should be filed in the district in which he is incarcerated, not in the District of Minnesota.

**ORDER**

Based on the foregoing records, files, and proceedings herein, **IT IS HEREBY ORDERED** that the Petitioner's § 2255 motion to vacate, set aside, or correct his sentence [Docket No. 134] is **DISMISSED WITHOUT PREJUDICE**.

DATED: November 14, 2005
at Minneapolis, Minnesota.

s/ John R. Tunheim
JOHN R. TUNHEIM
United States District Judge