UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 02-404 (JRT)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT CLARENCE ADAMS,<br><br>Defendant. | ) | GOVERNMENT'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO REDUCE SENTENCE |

The United States of America, by and through its attorneys, Frank J. Magill, Jr., Acting United States Attorney for the District of Minnesota, and Chris Wilton, Assistant United States Attorney, hereby submits this memorandum in opposition to defendant Hatley's Motion for Reduction in Term of Imprisonment.

The defendant has moved for a reduction of sentence, pursuant to 18 U.S.C. § 3582(c)(2), based on recent amendments to the Sentencing Guidelines which lowered the base offense levels applicable to most cocaine base ("crack") offenses. The motion should be denied because the defendant was sentenced as a career offender and his guideline range has not subsequently been reduced by the amendments to the crack cocaine guidelines. The defendant is not eligible for a reduced sentence under Section 3582(c)(2).

**I. FACTUAL AND PROCEDURAL BACKGROUND.**

On October 14, 2004, Adams was sentenced to a term of 120 months in prison based on his plea for possessing with intent to distribute approximately 181 grams of cocaine base in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(B). In

addition, Hatley was held responsible for a total of 219 grams of cocaine base. The Court found that Adams' base offense level was 31 with a criminal history score of VI.

The Court reached the total offense level of 31 because the defendant was found to be a career offender under Guideline Section 4B1.1. Because the statutory maximum penalty was 40 years, the defendant's base offense level under the career offender guideline was 31. U.S.S.G. § 4B1.1(b)(B). Based on his career offender status, Adams was sentenced to a term of 120 months in prison.

On January 29, 2008, Adams filed the instant motion seeking a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2). He contends the amendments to the Sentencing Guidelines give this Court the authority to modify his term of imprisonment. The motion should be denied. The defendant is not eligible for a reduced sentence under Section 3582(c)(2) because he was sentenced as a career offender, and as a result, the amendments would not lower his guideline range.

**II. SECTION 3582(c)(2) AND GUIDELINE SECTION 1B1.10.**

Once a sentence has been imposed, it may not be modified except in specific and limited circumstances. One such circumstance is provided in 18 U.S.C. § 3582(c)(2), which states:

> The court may not modify a term of imprisonment once it has been imposed except that-
>
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the

> Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

This provision allows a sentence to be reduced only when the guideline range has "subsequently been lowered by the Sentencing Commission" and only as provided by the "applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2); United States v. Walsh, 26 F.3d 75, 77 (8th Cir. 1994) ("Congress has made the policy statements set forth in § 1B1.10 the applicable law for determining whether a district court has the authority to reduce a sentence in this situation.").

Guideline Section 1B1.10 contains the Sentencing Commission's primary "Policy Statement" regarding reduction of sentences under 18 U.S.C. § 3582(c)(2). Guideline Section 1B1.10 identifies the amendments which may be applied retroactively pursuant to this authority. A guideline amendment may be applied retroactively only when expressly listed in Section 1B1.10(c). E.g., United States v. Walsh, 26 F.3d 75, 76-77 (8th Cir. 1994). Guideline Section 1B1.10 further articulates the proper procedure for implementing an amendment which has been made retroactive to a concluded case. See, e.g., United States v. Hasan, 245 F.3d 682, 686 (8th Cir. 2001) (en banc) ("The departure granted by the district court . . . is not consistent with the applicable policy statement (§ 1B1.10)

issued by the Sentencing Commission to govern § 3582(c)(2) resentencings, and therefore runs afoul of § 3582(c)(2) itself which requires action 'consistent with applicable policy statements issued by the Sentencing Commission.'").

The amendments at issue in this case are Amendments 706 and 711, effective November 1, 2007. Through these amendments, the Sentencing Commission generally reduced by two levels the offense levels applicable to most crack cocaine offenses.

On December 11, 2007, the Commission added Amendments 706 and 711 to the list of amendments identified in Guideline Section 1B1.10(c) which may be applied retroactively. The amendments do not become retroactive, however, until March 3, 2008.

On December 11, 2007, the Sentencing Commission also amended Guideline Section 1B1.10, emphasizing the limited nature of relief available under 18 U.S.C. § 3582(c)(2). Revised Guideline Section 1B1.10(a), which becomes effective on March 3, 2008, provides, in relevant part:

> (1) In General.—In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.
>
> (2) Exclusions.—A reduction in the defendant's term of imprisonment is not consistent with this policy

> statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if—
>
> (A) none of the amendments listed in subsection (c) is applicable to the defendant; or
>
> (B) an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.
>
> (3) Limitation.—Consistent with subsection (b), proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant.

Section 3582(c)(2) and Guideline Section 1B1.10 allow the Court to reduce a sentence only in limited circumstances and in limited ways. The defendant is not eligible for any reduction in this case.

**III. THE DEFENDANT IS NOT ELIGIBLE FOR A REDUCED SENTENCE UNDER SECTION 3582(c)(2) BECAUSE HIS GUIDELINE RANGE, AS A CAREER OFFENDER, HAS NOT BEEN LOWERED.**

Adams' motion should be denied because the guideline amendments do not have the effect of lowering the defendant's guideline range.

Section 3582(c)(2) allows the Court to reduce a term of imprisonment only for defendants who were "sentenced to a term of imprisonment based on a guideline range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2) (emphasis added).

Section 3582(c)(2) further allows a defendant's sentence to be reduced only "if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." In its

revisions to Section 1B1.10, the Commission made clear that a sentencing court is not authorized to reduce a defendant's sentence when a retroactive amendment does not result in lowering the applicable sentencing range for the defendant. Specifically, subsection (a)(2)(B) states: "A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B).

Courts also agree that where, as is the case here, application of the pertinent amendment does not result in a different sentencing range, no reduction of sentence may occur. See, e.g., United States v. Gonzalez-Balderas, 105 F.3d 981, 984 (5th Cir. 1997) (although a retroactive amendment reduced the defendant's offense level, the new level (44) still required the sentence of life imprisonment which was imposed, and the district court properly denied the motion summarily); United States v. Townsend, 98 F.3d 510, 513 (9th Cir. 1996) (although a retroactive amendment to the career offender guideline changed the definition of a statutory maximum, the amendment did not benefit the defendant given that the maximum penalty for his offense, bank robbery, was the same under either definition, and thus the guideline range was the same); United States v. Dorrough, 84 F.3d 1309, 1311-12 (10th

Cir. 1996) (the district court did not abuse its discretion in denying the § 3582(c)(2) motion, where an alternative means of sentencing permitted by the applicable guideline produced the same offense level which applied earlier); United States v. Armstrong, 347 F.3d 905, 908 (11th Cir. 2003) (the district court correctly denied the motion, where the defendant's offense level was not altered by the subject of the retroactive amendment); United States v. Young, 247 F.3d 1247, 1251-53 (D.C. Cir. 2001) (district court properly denied motion where the sentence was actually based on considerations not affected by the retroactive guideline amendment).

In this case, the defendant's guideline range did not rest on the provision regarding crack cocaine in Section 2D1.1, which has been amended. Under the version of Section 2D1.1 in effect at the time of sentencing, the defendant's base offense level for the crack offense was 31, and pursuant to Amendment 706, it would now be reduced to 29. Because the defendant was a career offender, however, his base offense level under Guideline Section 4B1.1(b) was found by the Court to be 34, with a 3 level reduction for acceptance of responsibility, his total offense level was found to be 31. Thus, his guideline range was found to be 188 to 235 months.

Amendment 706 has no impact on the guideline range found by the Court in this case under the career offender provision. The

base offense level under the career offender provision is determined by the statutory maximum for the crime of conviction, in this case 40 years. Since today the defendant's base offense level would still be 34 and his total offense level 31, the defendant's post-amendment guideline range remains exactly what it was at the time of sentencing, 188 to 235 months.

Section 3582(c)(2) and Guideline Section 1B1.10 direct that a sentence may not be reduced based on a retroactive guideline amendment unless the amendment results in a lower guideline range. Moreover, Guideline Section 1B1.10 provides: "the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." U.S.S.G. § 1B1.10(b)(1); see also United States v. Adams, 104 F.3d 1028, 1031 (8th Cir. 1997) ("[T]he district court is to leave all of its previous factual decisions intact when deciding whether to apply a guideline retroactively."). Accordingly, the defendant may not receive any relief under Section 3582(c)(2).

## CONCLUSION

The defendant's motion should be denied.

Dated: May 27, 2008

Respectfully submitted,

FRANK J. MAGILL, JR.
Acting United States Attorney

s/ Chris S. Wilton

BY: CHRIS WILTON
Assistant U.S. Attorney